## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

WINNIE SIMS CAMP, AS SURVIVING )
WIFE AND PERSONAL REPRESENTATIVE )
OF SAM THOMAS CAMP, DECEASED; AND )
WINNIE SIMS CAMP AS ADMINISTRATRIX )
OF THE ESTATE OF SAM THOMAS CAMP, )
DECEASED, )
                                  )
          **Plaintiff**           )
                                  )
VS.                               )
                                  )
UNITED STATES OF AMERICA          )
                                  )
          **Defendant**           )

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 25 2012

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

4:12-CV-313 DPM

This case assigned to District Judge _Marshall_
and to Magistrate Judge_____ _Young_

## COMPLAINT AT LAW

### COUNT I.

### PARTIES JURISDICTION, SERVICE OF PROCESS, AND VENUE

1.      This is a medical malpractice case involving the wrongful death of Sam Thomas Camp.

2.      Plaintiff and Administratrix Winnie Sims Camp resides at 3423 S Chester Street, Little Rock, Arkansas 72206.

3.      The Defendant is the United States of America.

4.      This Federal District Court has jurisdiction of this cause, because this action is brought pursuant to and in compliance with 28 U.S.C. §§1346(b), 2671-2680 et seq., commonly known as the "Federal Tort Claims Act", which vests exclusive subject matter jurisdiction of

1

Federal Tort Claims litigation in the Federal District Court.

5.     The United States of America may be served with process in accordance with Rule 4(i)(1) of the Federal Rules of Civil Procedure by serving a copy of the Summons and Complaint on U.S. Attorney Christopher R. Thyer, by certified mail, return receipt requested, at his office, United States Attorney, 425 West Capitol Avenue, Suite 500, Little Rock, Arkansas 72201, to the attention of the Civil Process Clerk; by serving a copy of the Summons and Complaint on Eric H. Holder, Jr., Attorney General of the United States, by certified mail, return receipt requested, at the Attorney General's Office, 10th and Constitution Avenue, N.W., Washington, DC 20530, to the attention of the Civil Process Clerk; and by serving a copy of the Summons and Complaint on Eric K. Shinseki, Secretary of the Department of Veteran Affairs, by certified mail, return receipt requested, at 810 Vermont Avenue NW, Washington, DC 20120.

6.     Venue is proper in this district pursuant to 28 U.S.C. §1391(e), as the United States is a Defendant and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## COUNT II.

## LIABILITY OF THE UNITED STATES OF AMERICA

7.     This case is commenced and prosecuted against the United States of America pursuant to and in compliance with Title 28 U.S.C. §§2671-2680, commonly referred to as the "Federal Tort Claims Act".  Liability of the United States is predicated specifically on Title 28 U.S.C. §§ 1346(b)(1) and 2674 because personal injuries, wrongful death, and resulting damages of which complaint is made, were proximately caused by the negligence, wrongful acts and/or

omissions of employees of the United States of America at the VA Medical Center in Little

Rock, Arkansas, while acting within the scope of their office or employment, under

circumstances where the United States of America, if a private person, would be liable to the

Plaintiff in the same manner and to the same extent as a private individual under the laws of the

State of Arkansas.

## COUNT III.

### JURISDICTIONAL PREREQUISITES

8.     Plaintiffs plead pursuant to Title 28 U.S.C. §§ 2672 and 2675(a), that the claims

set forth herein were filed with and presented administratively to the Defendant's agency, the

Department of Veterans Affairs, on June 1, 2011, for the claim of Plaintiff Winnie Sims Camp,

Individually and on Behalf of the Estate of Sam Thomas Camp, Deceased.  Over six months have

passed since the filing of Plaintiff's claim. The Plaintiff has complied with all jurisdictional

prerequisites and conditions precedent to commencement and prosecution of this litigation.

## COUNT IV.

### THE DEPARTMENT OF VETERANS AFFAIRS IS AN AGENCY OF
### THE UNITED STATES OF AMERICA

9.     The Department of Veterans Affairs is an agency of the United States of America.

The United States of America, Defendant herein, through its agency, the Department of Veterans

Affairs, at all time material hereto, owned, operated and controlled the health care facility known

as VA Medical Center, located in Little Rock, Arkansas, and though its agency, the Department

3

of Veteran Affairs, staffed said health care facility with its agents, servants, and/or employees.

## COUNT V.

### **EMPLOYMENT AND COURSE AND SCOPE**

10.     At all times material hereto, all persons involved in the medical and health care

services provided to Plaintiff's decedent at the VA Medical Center, located in Little Rock,

Arkansas, were agents, servants, and/or employees of the Department of Veteran Affairs, or some

other agency thereof, and were at all times material hereto, acting within the course and scope of

such employment.

## COUNT VI.

### **FACTS**

11.     This is a Federal Tort Claims Action for monetary damages sustained by Plaintiff

resulting from personal injuries and the wrongful death of Sam Thomas Camp as a result of

substandard, and therefore, negligent medical care.

12.     This claim concerns the substandard medical and hospital care provided by

agents, servants, and employees of the United States government at the VA Medical Center in

Little Rock, Arkansas resulting in the death of Sam Thomas Camp, on August 20, 2010.

13.     On or about February 4, 2008, and June 21, 2008, Sam Thomas Camp underwent

CT scans at the VA Medical Center in Little Rock, Arkansas, due to his complaints of low

abdominal pain.

14.     The primary diagnosis of the CT scan on or about February 4, 2008, stated,

4

"Suspicious for New Malignancy. Need FU".

15.     The primary diagnosis of the CT scan on or about June 21, 2008, stated, "Abnormality.  Follow-up Needed".

16.     Although both of the above-mentioned CT scans were abnormal and the radiology reports stated that follow-up was needed, VA personnel failed to follow-up on either of these test results.

17.     In July 2010, Mr. Camp entered Baptist Medical Center where he was diagnosed with adenocarcinoma.

18.     Due to the failure by the medical care providers at the VA, Mr. Camp's cancer metastasized and caused his death on August 20, 2010.

## COUNT VII.

## CAUSE OF ACTION AGAINST THE UNITED STATES OF AMERICA

## MEDICAL MALPRACTICE

19.     Plaintiff incorporates the above-numbered paragraphs as if fully set forth herein;

20.     At all times relevant hereto, Defendant United States of America, by and through its agents, servants and/or employees of the Department of Veterans Affairs who treated and cared for Plaintiff's decedent at the VA Medical Center in Little Rock, Arkansas, was under a duty to properly and timely treat, care for, diagnose, monitor, evaluate, observe, admit for hospitalization, perform radiological studies, make appropriate referral, provide treatment, and obtain appropriate consultation for Plaintiff's decedent Sam Thomas Camp, during the course of his treatment from February 2008 until the time of his death on August 20, 2010.

5

21.     Defendant, the United States of America, by and though its agents, servants and/or employees of the Department of Veterans Affairs who treated and cared for Plaintiff's decedent at the VA Medical Center in Little Rock, Arkansas, violated the standard of care and was negligent in its care and treatment of Sam Thomas Camp in the following ways, including but not limited to:

a.      Failing to properly and timely treat Sam Thomas Camp;

b.      Failing to properly and timely care for Sam Thomas Camp;

c.      Failing to properly and timely diagnose Sam Thomas Camp;

d.      Failing to properly and timely evaluate the CT scans in February 2008, and/or June 2008 performed on  Sam Thomas Camp;

e.      Failing to properly and timely perform additional studies/procedures/tests and/or treatment following the 2008 CT scans in February 2008, and/or June 2008;

f.      Failing to properly follow-up on the recommendations made at the time of the CT scans in February 2008, and/or June 2008;

g.      Failing to properly and timely refer and/or obtain a consultation on Sam Thomas Camp's case following the CT scans in February 2008, and/or June 2008; and

h.      Failing to properly and timely provide the necessary treatment to Sam Thomas Camp.

22.     At all times mentioned herein, the employees, agents, and/or representatives of the United States Government were negligent and proximately caused Sam Thomas Camp's

wrongful death and all of the other injuries and damages sustained by the Plaintiff.

## COUNT VIII.

### MEANING OF "DEFENDANT"

23.    In the Complaint, whenever the term "Defendant" is used, it means Defendant,

Defendant's officers, agents, servants, employees, and/or representatives.  Whenever in this

Complaint it is alleged that Defendant did any act or thing, it is meant that Defendant,

Defendant's officers, agents, servants, employees, and/or representatives did such act or thing,

and that at the time such act or thing was done, it was done with the full authorization and

ratification of Defendant and was done in the normal and routine course and scope of

employment of Defendant's officers, agents, servants, employees, and/or representatives.

Whenever in this Compliant it is alleged that Defendant omitted any act or thing, it is meant that

Defendant, Defendant's officers, agents, servants, employees, and/or representatives omitted

such act or thing.

## COUNT IX.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests that the Defendant be

cited in terms of law to appear and answer herein: that upon final trial and hearing hereof, the

Plaintiff, Winnie Sims Camp, as Surviving Wife and Personal Representative of Sam Thomas

Camp, Deceased, have judgment against the Defendant, in an amount for full value of the loss of

life by Sam Thomas Camp; that judgment be entered in favor of Plaintiff, Winnie Sims Camp as

Administrator of the Estate of Sam Thomas Camp, Deceased, and against Defendant, for funeral,

burial, medical, and hospital expenses; and in an amount that will fully and adequately compensate for Sam Thomas Camp's personal injuries, pain and suffering prior to death; and for damages suffered and damages and that will continue to be suffered in the future by decedent's wife, the loss of her husband's companionship and protection and mental pain and suffering, and for all damages available under the law.  In addition, Plaintiff is entitled to recover damages for the wrongful death of the Decedent and the mental anguish and grief suffered by the statutory beneficiaries; for post judgment interest at the applicable legal rate; for all Court costs incurred in this litigation; and for such other and further relief, at law and in equity, both general and special, to which the Plaintiff and statutory beneficiaries may show themselves entitled and to which the Court believes Plaintiff deserves.

Respectfully Submitted,

By:_____

Paul Byrd
Arkansas State Bar No.85020
Hare, Wynn, Newell & Newton, LLP
4220 North Rodney Parham Road
250 Metropolitan National Plaza
Little Rock, Arkansas 72212
(501) 225-5500
paulbyrd@hwnn.com

*Attorney for Plaintiff*

8